# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:09cv472-3-R
# (1:06cr251)

| | |
|---|---|
| ROBERT DEON HUNTER, JR., )<br>)<br>Petitioner, )<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent.)<br>_____ ) | O R D E R |

**THIS MATTER** comes before the Court upon the Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [Doc. 1]; Petitioner's Application to Proceed *In Forma Pauperis* [Doc. 2] ; Petitioner's Motion for Production of Transcripts for § 2255 [Doc. 3]; and Petitioner's Request for Counsel, which is contained within the Motion to Vacate [Doc. 1].

The Court has considered the Motion to Vacate and the record of prior proceedings and determined that the United States Attorney should file an answer. See Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts.

With respect to the Motion to Proceed *In Forma Pauperis*, a motion to vacate does not require a filing fee; therefore, *in forma pauperis* status is not necessary to proceed with the case and Petitioner's motion is denied as moot.

With respect to the motion for transcripts, the Court notes that it previously denied an earlier request for transcripts by Petitioner. [Case No. 1:06cr251: Order, Doc. 304]. Petitioner's previous request, however, predated his Motion to Vacate and was not linked to any pending case. By way of the instant motion, Petitioner requests a copy of the transcript from his Plea and Rule 11 Hearing. Petitioner argues in his Motion to Vacate that his plea was not voluntary and that the appellate waiver provision was not fully explained to him. A transcript of this proceeding has not been prepared as of this date. The Court has reviewed an audio recording of Petitioner's Plea and Rule 11 Hearing, however, and notes that Petitioner's Rule 11 Inquiry and Order of Acceptance of Plea form [Case No. 1:06cr251, Doc. 130], which was prepared by Magistrate Judge Howell during Petitioner's Plea and Rule 11 hearing, accurately reflects the Court's colloquy with the Petitioner. Therefore, as an accommodation to the Petitioner, the Court directs the Clerk to send Petitioner a copy of that form. Petitioner's motion for a copy of the Plea and Rule 11 transcript is denied.

Finally, Petitioner's request for counsel is denied.  Indeed, there is no constitutional right to counsel in habeas proceedings such as the instant case. Crowe v. United States, 175 F.2d 799, 801 (4th Cir. 1949), cert. denied, 338 U.S. 950, 70 S.Ct. 478, 94 L.Ed. 586 (1950).  Furthermore, the Petitioner appears to be adequately representing himself.  Consequently, Petitioner's Motion for Appointment of Counsel is denied.

**IT IS, THEREFORE, ORDERED** that:

1) No later than forty (40) days from the filing of this Order, the United States Attorney shall file an answer to Petitioner's Motion to Vacate;

2) Petitioner's Application to Proceed In Forma Pauperis [Doc. 2] is **DENIED AS MOOT**; and

3) Petitioner's Motion for Production of Transcripts for § 2255 [Doc. 3] is **DENIED**.

4) The Clerk is directed to send Petitioner a copy of his Rule 11 Inquiry and Order of Acceptance of Plea form. [Case No. 1:06cr251, Doc. 130].

5) Petitioner's Request for Counsel, which is contained within his Motion to Vacate, is **DENIED**.

**IT IS SO ORDERED**.

Signed: January 4, 2010

Martin Reidinger
United States District Judge