## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION
## CIVIL CASE NO.  1:09cv472
## [CRIMINAL CASE NO. 1:06cr251-3]

| | | |
|---|---|---|
| **ROBERT DEON HUNTER, JR.,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **vs.** | ) | <u>**MEMORANDUM OF**</u> |
| | ) | <u>**DECISION AND ORDER**</u> |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |
| **_____** | ) | |

**THIS MATTER** is before the Court on Petitioner's Motion under 28

U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in

Federal Custody [Doc. 1]; the Government's Answer [Doc. 8]; the

Government's Motion for Summary Judgment [Doc. 9]; and the Petitioner's

*Pro Se* Reply [Doc. 11].  For the reasons stated herein, Petitioner's Motion

to Vacate will be denied and dismissed and Respondent's Motion for

Summary Judgment will be granted.


## I.    PROCEDURAL HISTORY

On October 3, 2006, Petitioner was charged in a one-count Bill of

Indictment along with nine co-defendants with conspiracy to possess with

intent to distribute 50 grams or more of a mixture or substance containing a detectable amount of cocaine base, in violation of 21 U.S.C. §§ 841 and 846. [Criminal Case No. 1:06cr251, Doc. 3]. On February 22, 2007, the Petitioner entered into a Plea Agreement pursuant to which he agreed to plead guilty to the Bill of Indictment. [Id., Doc. 112 at 1].[1] The Plea Agreement contained an express waiver of his right to appeal or challenge his conviction and sentence on collateral review except as to claims of ineffective assistance of counsel, prosecutorial misconduct or the reasonableness of any upward variance. [Id., Doc. 112 at ¶18].

On February 28, 2007, the Petitioner appeared before the Honorable Dennis L. Howell, United States Magistrate Judge, and pled guilty to conspiracy to possess with intent to distribute a mixture or substance containing a detectable amount of cocaine base. Judge Howell engaged Petitioner in a lengthy colloquy to ensure that he understood the nature and consequences of the proceedings and his actions. [Id., Doc. 130].[2] During

---

[1]On February 21, 2007, the caption of the Plea Agreement was amended to include an alias name used by Petitioner. [Id., Doc. 131].

[2]The Court notes that a transcript of Petitioner's Plea and Rule 11 hearing was not prepared in this case for purposes of Petitioner's appeal. The Court, however, has the benefit of Petitioner's Rule 11 Inquiry and Order of Acceptance of Plea form which the Magistrate Judge filled out while questioning Petitioner during his Plea and Rule 11 hearing. The form represents the questions that Magistrate Judge Howell asked Petitioner during the hearing as well as Petitioner's sworn responses. Such document

the plea colloquy, Petitioner affirmed under oath that he understood the elements of the offense to which he was pleading guilty and the maximum penalties he faced and that he was, in fact, guilty of the charged drug conspiracy. [Id. at ¶¶11-12, 27]. Petitioner affirmed that he understood how the Sentencing Guidelines might apply to his case; that he might receive a sentence that was either higher or lower than that called for by the Guidelines; and that even if his sentence was more severe than expected, he would nevertheless be bound by his plea and have no right to withdraw it. [Id. at ¶¶17, 21-22]. Petitioner also affirmed that he was waiving his right to a jury trial and to confront the witnesses against him; that he was waiving his right to challenge either his conviction or sentence in a post-conviction proceeding, except on specified grounds; and that he "knowingly and willingly accept[ed] this limitation on [his] right . . . to file post-conviction proceedings." [Id. at ¶¶25-26, 34].

Prior to Petitioner's sentencing hearing, the Probation Office submitted a Presentence Report (PSR). In the final version of the PSR, the Probation Officer calculated a base offense level of 28 based on his determination, consistent with the parties' stipulation in the plea agreement,

_____

is part of Petitioner's criminal file. [Criminal Case No. 1:06cr251, Doc. 130].

that Petitioner was responsible for at least 35 grams but less than 50 grams of cocaine base. [PSR at ¶17]. The Probation Officer included a three-level reduction for Petitioner's acceptance of responsibility. [Id. at ¶ 24]. Based on a total offense level of 25 and a criminal history category of VI, the Probation Officer noted an applicable Guidelines range of imprisonment of between 110 and 137 months' imprisonment. [Id. at ¶107]. With respect to the statutory range of imprisonment, the Probation Officer found that the range was not less than five years nor more than 40 years. [Id. at ¶106].

Petitioner, through counsel, filed several objections to the revised PSR. First, Petitioner objected that he should have received a two-level reduction in his offense level, based on his role in the offense as a "runner," thus qualifying him for a reduction based on U.S.S.G. § 3B1.2. Petitioner also objected to his criminal history point assessment, as several of his charges were consolidated for sentencing purposes and it was "unclear that the sentence was imposed after the case was remanded to NC District Court." [Id. at 27]. Finally, Petitioner objected that the PSR "was prepared without a personal interview of the defendant by the probation officer with his attorney present." [Id. at 28]. The Probation Officer noted that if all of

Petitioner's objections were sustained, the Guidelines range would decrease to 92 to 115 months, and that the statutory provisions would remain the same. [Id. at 29]. The Government did not file objections to the PSR.

On November 27, 2007, the Honorable Lacy Thornburg, United States District Judge, conducted Petitioner's sentencing hearing. During the hearing, Petitioner, through counsel, stipulated to a factual basis sufficient to support his guilty plea as set forth in the PSR, subject to his objections to the PSR, and the Court accepted his guilty plea. [Criminal Case No. 1:06cr251, Doc. 240 at 2]. Petitioner's counsel acknowledged that he and Petitioner had reviewed the PSR and understood its contents, but argued, consistent with his written objections, that Petitioner should receive a two-level reduction in his offense-level based on his having been a minor participant in the conspiracy. [Id. at 4]. Counsel noted that Petitioner served as a runner and that the drug quantity for which he was responsible was relatively low. [Id. at 5-6].[3] The Government argued in

---

[3]In response to this objection to the PSR, the probation officer noted as follows:

According to USSG § 3B1.2, Commentary Application Note # 5, a minor participant is one who is less culpable than most other participants. The defendant was involved with this cocaine conspiracy on a daily basis for more than four years, had knowledge of ounce amounts of crack cocaine being

response that Petitioner served as a runner for more than four years, through the entire time period of the conspiracy, and was responsible for the distribution of at least 35 grams of cocaine base. [Id. at 6]. The Court overruled the objection. While not explicitly arguing for a downward variance, Petitioner's counsel then argued for a more lenient sentence based on the fact that the conspiracy offense was a family business, that Petitioner's role was as a runner, that Petitioner had a serious drug problem himself, and that Petitioner was a high school graduate and had taken a number of correspondence courses since his imprisonment. [Id. at 7-8]. The Court sentenced Petitioner to 120 months' imprisonment, specifically stating that it had considered the sentencing factors set forth in § 3553(a) in determining the sentence. [Id. at 9].

Petitioner appealed to the Fourth Circuit Court of Appeals and argued that this Court erred in denying him a two-level reduction based on his minor role. On March 27, 2009, the Fourth Circuit Court of Appeals affirmed the judgment of this Court, holding that Petitioner's appeal

---

delivered and sold from the residence, and cumulatively, was responsible for personally selling at least 35 grams of crack cocaine. Hunter's conduct rises far above that of a minor participant. No change in the presentence report is recommended.

[PSR at 27].

6

challenging this Court's Guidelines range calculation was barred by his

appellate waiver.  United States v. Hunter, 319 F. App'x 290, 292 (4th Cir.

2009) (per curiam).[4]  Petitioner did not file a petition for writ of certiorari.

This case was assigned to the undersigned upon Judge Thornburg's

retirement.  On December 29, 2009, Petitioner filed the instant Motion to

Vacate, arguing that his counsel for ineffective for: (1) failing to adequately

investigate the case and research law prior to advising Petitioner to plead

guilty; (2) failing to object to the criminal history calculation set forth in the

PSR; (3) failing to request a downward departure; (4) failing to properly and

effectively argue for a lower sentence under 18 U.S.C. § 3553(a); (5)

advising Petitioner to waive appellate rights based on availability of a

downward departure; and (6) failing to advise Petitioner adequately as to

the term of his guilty plea and the waiver of his appellate rights.  Petitioner

also generally challenges the voluntariness of his plea.  [Doc. 1-1].

## II.  LEGAL DISCUSSION

To establish a claim of ineffective assistance of counsel, a petitioner

must show that counsel's performance fell below an objective standard of

---

[4] The Court notes that Petitioner's appeal was consolidated with his father's appeal.

reasonableness, and that he was prejudiced by such constitutionally deficient representation.  Strickland v. Washington, 466 U.S. 665, 687-91, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).  In measuring counsel's performance, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  Id. at 689, 104 S.Ct. 2052.

To demonstrate prejudice, Petitioner must show a probability that the alleged errors worked to his "*actual* and substantial disadvantage, infecting his trial with error of constitutional dimensions."  Murray v. Carrier, 477 U.S. 478, 494, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986) (quoting United States v. Frady, 456 U.S. 142, 170, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982)).  Under these circumstances, Petitioner "bears the burden of proving Strickland prejudice."  Fields v. Attorney General of State of Md., 956 F.2d 1290, 1297 (4th Cir. 1992) (citing Hutchins v. Garrison, 724 F.2d at 1430-31 (4th Cir. 1983)).  Therefore, if Petitioner fails to meet this burden, a "reviewing court need not consider the performance prong."  Fields, 956 F.2d at 1297 (citing Strickland, 466 U.S. at 697, 104 S.Ct. 2052).

Moreover, in considering the prejudice prong of the analysis, the Court must not grant relief solely because Petitioner can show that, but for counsel's performance, the outcome of the proceeding would have been different. Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998). Rather, the Court "can only grant relief under . . . Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" Id. (quoting Lockhart v. Fretwell, 506 U.S. 364, 369, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993)).

A petitioner seeking post-conviction relief bears a heavy burden to overcome this presumption, and the presumption is not overcome by conclusory allegations. Carpenter v. United States, 720 F.2d 546, 548 (8th Cir. 1983). Indeed, the petitioner bears an even heavier burden where the claim of ineffective assistance of counsel follows the entry of a guilty plea. Where a defendant has entered a plea of guilty, he must show that but for counsel's unprofessional errors, he would have gone to trial instead of pleading guilty. Hill v. Lockhart, 474 U.S. 52, 59, 106 S.Ct 366, 88 L.Ed.2d 203 (1985). Because some of Petitioner's claims challenge issues at sentencing, in order to demonstrate an entitlement to relief, he must, at a minimum, allege facts which establish that his "sentence would have been

more lenient" absent counsel's errors.  Royal v. Taylor, 188 F.3d 239, 249 (4th Cir. 1999).

Petitioner first argues that his counsel was ineffective for failing to conduct a proper investigation and research legal issues prior to encouraging Petitioner to accept the plea offer, "essentially coerc[ing] [Petitioner] to plead guilty by constantly advising [him] that the prosecution would convict and sentence him to Life imprisonment without parole." [Doc. 1-1 at 5].  Petitioner states that the charges against him "lacked any evidentiary support" and that "[h]ad counsel conducted the necessary investigations he would have most probably discovered facts to support [Petitioner's defense]."  [Id. at 6-7].

It is well-established that "counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary."  Wiggins v. Smith, 539 U.S. 510, 521, 123 S.Ct. 2527, 156 L.Ed.2d 471 (2003) (quoting Strickland, 466 U.S. at 690-91, 104 S.Ct. 2052).  In the instant case, however, Petitioner fails to allege any facts or information which would have yielded a sufficient defense that should have prompted counsel to advise against entering into a plea agreement with the Government.  While Petitioner claims that further

investigation "would have most probably" uncovered facts to support a defense on his behalf, [Doc. 1-1 at 6], Petitioner does not identify what those facts would have been and cannot, therefore, show that there is a reasonable probability that further investigation would have uncovered a defense sufficient to call into question his decision to plead guilty. Petitioner makes the bald assertion that had counsel investigated further, he would not have entered a guilty plea, but does not support that claim with any fact, the discovery of which was likely through investigation and that would have resulted in a not guilty plea and, ultimately, an acquittal or a lower sentence. Petitioner has not shown either deficient performance or prejudice and therefore, his claim must fail.

To the extent that Petitioner is arguing that his counsel was ineffective for coercing him to plead guilty, such claim also fails. Indeed, the record of Petitioner's Plea and Rule 11 Hearing belies Petitioner's allegation that his counsel pressured him into pleading guilty. Magistrate Judge Howell specifically reviewed with Petitioner the charge to which Petitioner was pleading guilty and advised him of the elements of the offense as well as the minimum and maximum penalties of the offense. Magistrate Howell then inquired whether the Petitioner's guilty plea was

voluntary and not the result of coercion, threats or promises other than those contained in the written plea agreement.  Petitioner responded in the affirmative, thereby indicating that his guilty plea was voluntary.  [Criminal Case No. 1:06cr251,  Doc. 130 at ¶28].  The Court then confirmed that Petitioner had sufficient time to discuss possible defenses with his attorney, that he was satisfied with the services of his attorney, that he fully understood what he was doing, and that he wanted the Court to accept his plea of guilty.  [Id. at ¶¶ 36-38].

A review of the Rule 11 Inquiry and Order of Acceptance of Plea form establishes that the statements which Petitioner made to the Court stand in stark contrast with his belated, self-serving allegation that counsel "coerced" him into pleading guilty.  Further, Petitioner is bound by the statements he made at the Plea and Rule 11 hearing and those statements cannot be set aside merely on the basis of his post-judgment assertions to the contrary.  Rather, Petitioner's statements "constitute a formidable barrier" to this post-judgment attack.  Blackledge v. Allison, 431 U.S. 63, 73-74, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977); accord United States v. Lemaster, 403 F.3d 216, 222 (4th Cir. 2005) (affirming summary dismissal of § 2255 motion, including ineffective assistance claim, noting inconsistent

statements made during Rule 11 hearing).  In sum, the Court finds that

Petitioner has failed to satisfy either prong of the Strickland test and,

therefore, his claim of ineffective assistance of counsel must fail.

To the extent that Petitioner is challenging the voluntariness of his

plea, such claim is procedurally barred as Petitioner did not raise this claim

on appeal.  Generally, claims that could have been but were not raised on

direct review are procedurally barred.  "Habeas review is an extraordinary

remedy and will not be allowed to do service for an appeal." Bousley v.

United States, 523 U.S. 614, 621, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998)

(citation and internal quotation marks omitted).  It is well-settled that

collateral attacks under 28 U.S.C. § 2255 are limited to claims of

constitutional magnitude or to errors which inherently result in a complete

miscarriage of justice.  See United States v. Addonizio, 442 U.S. 178, 185,

99 S.Ct. 2235, 60 L.Ed.2d 805  (1979).  In order to collaterally attack a

conviction or sentence based upon errors that could have been but were

not pursued on direct appeal, a petitioner must show cause and actual

prejudice resulting from the errors complained of or that he is actually

innocent.[5]  See United States v. Mikalajunas, 186 F.3d 490, 492-93 (4th Cir. 1999).

The term "cause" refers to some kind of impediment.  United States v. Smith, 241 F.3d 546, 548 (7th Cir. 2001).  Thus, the existence of cause for a procedural default must turn on some external factor that impedes defense counsel's efforts to comply with a procedural rule.  Murray v. Carrier, 477 U.S. 478, 488, 106 S.Ct. 2639 (1986).  As set forth below, Petitioner has failed to carry his burden of establishing cause.  In order to establish "actual prejudice" the defendant must show "not merely that the errors at his trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions."  Frady, 456 U.S. at 170, 102 S.Ct. 1584.  In this case, Petitioner has not met his burden in establishing cause for failing to raise this claim on direct appeal.  Therefore, Petitioner's claim regarding the voluntariness of his plea is procedurally barred.[6]

---

[5]Petitioner makes no claim of actual innocence.

[6]Even if this claim were not barred, however, it is belied by the record which establishes that the Court reviewed the elements of each count of the Indictment with Petitioner.  The Court then thoroughly questioned Petitioner regarding his understanding of the rights he was waiving by pleading guilty, including his right to go to trial and all the rights attendant thereto.  [See Criminal Case No. 1:06cr251, Doc. 130].

Next, Petitioner argues that his counsel was ineffective for failing to adequately advise and explain the terms of the plea agreement. Specifically, Petitioner alleges that the post-conviction waiver in his plea agreement was "not intelligently and knowingly made because of counsel's deficient performance." [Doc. 1-1 at 7].

In his plea agreement, Petitioner specifically waived his right to challenge his conviction or sentence on collateral review, except with respect to claims of ineffective assistance of counsel, prosecutorial misconduct, or certain sentencing issues, none of which are pertinent here. [Criminal Case No. 1:06cr251, Doc. 112 at ¶18]. The Fourth Circuit has recognized the enforceability of these waivers as long as the defendant waives this right knowingly and voluntarily. See Lemaster, 403 F.3d at 220.

Petitioner's counsel filed an affidavit in response to the instant allegation stating that Petitioner "was fully engaged and made decisions at each step" throughout counsel's representation of him, and that they throughly reviewed the implications of the plea agreement and the specific terms of the plea agreement itself, including the waiver of his right to appeal. [Doc. 8-1 at ¶¶4-5]. Counsel's allegations are supported by

Petitioner's responses during the plea colloquy, as recorded in the Inquiry and Acceptance of Plea form.  Indeed, Petitioner responded in the affirmative when asked whether he had discussed the right to appeal with his attorney, and he indicated that he understood that the plea agreement provided that he could not appeal his conviction or sentence or contest the same in a post-conviction proceeding unless it was on the grounds of prosecutorial misconduct, ineffective assistance of counsel or the reasonableness of any upward variance from the Guidelines range.  [Id., Doc. 130 at ¶34].  The Court then asked the Petitioner whether he "knowingly accept[ed] this limitation on [his] right to appeal and to file post-conviction proceedings."  Again, Petitioner responded in the affirmative.  [Id.].

Moreover, in its unpublished opinion dismissing Petitioner's appeal, the Fourth Circuit specifically concluded that Petitioner knowingly and intelligently waived his right to appeal his sentence, explaining that "the language of the appellate waiver and plea agreement is clear and unmistakable and [Petitioner] acknowledged his familiarity with and understanding of the waiver at his Fed. R. Crim. P. 11 hearing."  Hunter,

319 F. App'x at 292. Therefore, Petitioner cannot establish either prong of the Strickland test for this claim and his claim must fail.

Petitioner next argues that his counsel was ineffective for failing to object to the criminal history calculation in the PSR. Petitioner, however, fails to specify which offenses his counsel should have objected to and how such objections would have resulted in a shorter sentence. Additionally, the record belies Petitioner's claim, in that his counsel did object, albeit unsuccessfully, to the assessment of criminal history points based on several of Petitioner's prior convictions. Finally, although Petitioner does not specify which offenses should have been excluded, the Court notes that a review of Petitioner's PSR reveals that the probation officer calculated a total of 20 criminal history points, which is well over the 13 points required to fall within level VI. Petitioner has not established deficiency or prejudice in his conclusory claim and his claim therefore must fail.

Petitioner next argues that his counsel should have moved for a downward departure pursuant to Sentencing Guidelines § 4A1.3(b)(1) based on the fact that his criminal history was "over-represented" in the PSR. [Doc. 1-1 at 10].

A court may depart downward where "reliable information indicates that the defendant's criminal history category substantially over-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes." U.S.S.G. § 4A1.3(b)(1). The commentary to § 4A1.3(b)(1) suggests that the departure is warranted in only unusual cases. Indeed, in the commentary, the Sentencing Commission explains that such a departure may be warranted, for example, where the defendant had two minor misdemeanor convictions close to ten years before the offense of conviction and no other evidence of prior criminal behavior. U.S.S.G. § 4A1.3 cmt.3. In the instant case, Petitioner's PSR reflects multiple convictions between the ages of 17 and 30 and includes convictions for cruelty to animals, numerous driving related offenses, breaking and entering, false imprisonment, assault, communicating threats and drug related offenses. Moreover, as previously stated, Petitioner had 20 criminal history points while only 13 were required to place him in the highest criminal history category of VI.

Based on the facts of this case, including Petitioner's criminal history spanning approximately 13 years and including convictions ranging from animal cruelty and driving offenses to drug related offenses, and the fact

that the commentary to § 4A1.3 makes clear that this departure is only warranted in unusual cases, Petitioner has not established that his counsel was deficient in failing to move for a downward departure, nor is there a reasonable probability that the departure would have been granted even if requested. Therefore, Petitioner's claim that his counsel was ineffective for failing to move for a departure based on § 4A1.3 must fail.

Next, Petitioner argues that his counsel was ineffective for failing to argue for a non-Guideline sentence. Specifically, Petitioner contends that the Court "never specifically applied any of the § 3553(a) factors to [his] case" and concludes that "counsel's complete failure to argue for [a] non-guideline sentence . . . was deficient performance that resulted in prejudice . . . ." [Doc. 1 at 11-12]. Petitioner further argues that his "case and individual background presented circumstances warranting a statutory sentence under § 3553[(a)(1)]," and that counsel should have advocated for a lower sentence based on the disparity between powder cocaine and crack cocaine. [Id. at 12]. He accuses counsel of being "completely out of the jurisprudential loop, or simply fail[ing] to stay abreast of the law." [Id. at 13].

First, Petitioner's claim that his counsel was ineffective for failing to

argue for a downward variance must fail as he has not identified any

circumstance that would have justified a below-Guidelines sentence under

the factors set forth in 18 U.S.C. § 3553(a). Therefore, Petitioner has not

established that his counsel was deficient as is required under Strickland.

Next, while Petitioner asserts that this Court did not apply the § 3553(a)

factors, such claim is belied by the sentencing transcript in which Judge

Thornburg explicitly stated that he did consider the § 3553(a) factors in

determining Petitioner's sentence. [Criminal Case No. 1:06cr251, Doc. 240

at 9]. Finally, with respect to Petitioner's argument that counsel should

have argued the disparity between powder cocaine and crack cocaine,

Fourth Circuit law at the time of Petitioner's sentencing clearly prohibited a

sentencing court from departing downward based on the crack/powder

disparity. See United States v. Eura, 440 F.3d 625, 634 (4th Cir. 2006)

(holding that a district court "must not rely on a factor that would result in a

sentencing disparity that totally is at odds with the will of Congress," such

as reliance on "recommendations to narrow the 100:1 [crack/powder

cocaine] ratio"), abrogated by Kimbrough v. United States, 552 U.S. 85,

128 S.Ct. 558, 169 L.Ed.2d 481 (2007).[7]  Thus, it is unlikely that the district

court would have granted a departure request.[8]  Petitioner has not

established either prong of the Strickland test for ineffective assistance of

counsel, therefore, his claim must fail.

Petitioner next argues that his counsel was ineffective for assuring

him that he would receive a two-level reduction based on his minor role in

the offense.  [Doc. 1-1 at 13].  Petitioner's counsel denies making any such

assurances.  [Doc. 8-1 at ¶7].  Even assuming that counsel did make such

assurances, however, Petitioner cannot establish prejudice for such

alleged deficiency.  During the Plea and Rule 11 hearing, Magistrate Judge

Howell specifically asked Petitioner whether he understood that he would

still be bound by his plea and would not have the right to withdraw his plea

even if the sentence was more severe than he expected.  Petitioner

responded in the affirmative.  [Criminal Case No. 1:06cr251, Doc. 130 at

¶22].  "A defendant's solemn declarations in open court affirming a plea

_____

[7]Petitioner was sentenced on November 27, 2007 and Kimbrough was decided on December 10, 2007.

[8]The Court notes that Petitioner's father, Robert Deon Hunter, Sr., raised this same claim in his direct appeal.  Petitioner's father was also sentenced prior to the issuance of the Kimbrough decision by the Supreme Court.  The Fourth Circuit affirmed his conviction and sentence based on the same analysis cited here.  See Hunter, 319 F. App'x at 292-93.

agreement carry a strong presumption of verity because courts must be able to rely on the defendant's statements made under oath during a properly conducted Rule 11 plea colloquy." Lemaster, 403 F.3d at 221 (citations and internal quotation marks omitted). Therefore, even if the Court assumes counsel made the promise that Petitioner would receive a two-level reduction based on his role, Petitioner cannot establish prejudice given Petitioner's acknowledgment in his Rule 11 colloquy that the sentence might be higher than expected. Petitioner has not established the prejudice prong under Strickland, and therefore, his claim must fail.

With respect to his appellate counsel, Petitioner first argues that his appellate counsel was ineffective for failing to argue that the appellate waiver was not knowingly and voluntarily made. [Doc. 1-1 at 16]. While appellate counsel admittedly did not raise this issue, the Fourth Circuit nevertheless reviewed the appellate waiver and specifically concluded that the record established that Petitioner knowingly and intelligently waived his appellate rights; that the language of the appellate waiver was clear; and that Petitioner acknowledged his familiarity with the waiver and his understanding of the waiver during his Plea and Rule 11 hearing. Hunter, 319 F. App'x at 292. Because the Fourth Circuit addressed the

voluntariness of Petitioner's appellate waiver, Petitioner cannot establish that he suffered any prejudice from his counsel's failure to raise the issue on appeal.

Next, Petitioner argues that his counsel was ineffective for failing to file a petition for rehearing after the Fourth Circuit dismissed his appeal. [Id.]. Petitioner has failed to articulate any basis for a petition for rehearing to have been granted. Therefore, Petitioner has not established either prong of the Strickland test with respect to this claim.

As his last claim for relief, Petitioner argues that his appellate counsel was ineffective in refusing to file a petition for writ of certiorari in the United States Supreme Court. [Id.]. In the case of an unsuccessful appellant represented by counsel, the attorney's responsibilities are outlined in the plan adopted by the Fourth Circuit Judicial Counsel implementing the Criminal Justice Act of 1984. See 18 U.S.C. § 3006A. The Fourth Circuit plan (hereinafter "CJA Plan") provides, in pertinent part, as follows:

> If the judgment of [the Fourth Circuit] is adverse to the defendant, counsel shall inform the defendant, in writing, of his right to petition the Supreme Court for a writ of certiorari. If the defendant, in writing, so requests and in counsel's considered judgment there are grounds for seeking Supreme Court review, counsel shall prepare and file a timely petition for such a writ and transmit a copy to the defendant ....

> If the appellant requests that a petition for writ of certiorari be filed but counsel believes that such a petition would be frivolous, counsel may file a motion to withdraw with [the Fourth Circuit] wherein counsel requests to be relieved of the responsibility of filing a petition for writ of certiorari.  The motion must reflect that a copy was served on the client.

Plan of the United States Court of Appeals for the Fourth Circuit, In Implementation of the Criminal Justice Act, § V, ¶2.

Petitioner's appellate counsel, John Hunter, submitted an affidavit recounting the events that took place with respect to his communication with Petitioner regarding the filing of a writ of certiorari.  [Criminal Case No. 1:06cr251, Doc. 8-1].  Specifically, Mr. Hunter states that he advised Petitioner of the right to file a petition for certiorari within 90 days from the date of the judgment and sent Petitioner a copy of the Fourth Circuit's opinion three days after it was issued on March 27, 2009.  In his letter, counsel noted his belief that "filing such a [p]etition in this case would be frivolous."  [Doc. 8-1 at 3].  One month later, counsel filed a motion to withdraw as counsel, based on "the rules and practice of the Fourth Circuit," and served a copy to Petitioner with instructions that any response to the motion must be filed within seven days.  [Id. at 4].  The motion was

granted and no petition for writ of certiorari was filed. Significantly, Petitioner does not contest counsel's version of events.

Mr. Hunter's actions were consistent with the CJA plan. Therefore, Petitioner cannot establish that counsel was deficient in failing to file a petition for certiorari.

### III.   CONCLUSION

The Court has considered the pleadings and documents submitted by the Petitioner, as well as the entire record of this matter, and finds that it is clear that Petitioner is not entitled to relief on his claim of ineffective assistance of counsel.

### IV.   ORDER

**IT IS, THEREFORE, ORDERED** that:

1.   The Government's Motion for Summary Judgment [Doc. 9] is **GRANTED**;

2.   The Petitioner's Motion to Vacate, Set Aside, or Correct Sentence [Doc. 1] is **DENIED and DISMISSED**; and

3.      Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. <u>See</u> 28 U.S.C. § 2253(c)(2); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336-38, 123 S.Ct. 1029, 154 L.Ed.2d 93 (2003) (holding that in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong) (<u>citing Slack v. McDaniel</u>, 529 U.S. 473, 483-84, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000)).

**IT IS SO ORDERED.**

Signed: July 5, 2010

Martin Reidinger
United States District Judge